*E-Filed: August 24, 2015*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTIAN PEREZ, | No. 14-CV-03551 HRL |
| Petitioner, | **ORDER DENYING ADMINISTRATIVE MOTION TO REQUEST STAY AND ABEYANCE TO PERMIT PETITIONER TO EXHAUST UNEXHAUSTED CLAIMS** |
| v. | |
| SCOTT FRAUENHEIN, Warden, Pleasant Valley State Prison, Coalinga, California, | |
| Respondent. | [Re: Docket No. 4] |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Real Party in Interest. | |

Before the court is Petitioner's Administrative Motion to Request Stay and Abeyance to Permit Petitioner to Exhaust Unexhausted Claims. For the reasons stated below, this motion is denied.

The petition at issue here contains one claim based on ineffective assistance of counsel. This claim was exhausted on direct appeal, but it was not exhausted by means of a state collateral relief petition. To obtain an evidentiary hearing in federal court, a petitioner must have sought an evidentiary hearing in state court on the issue, which can only be done in a state collateral relief petition. *People v. Pope*, 23 Cal. 3d 412, 426 (1979). Petitioner moves for an order staying the

1  petition and holding it in abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005), so that he may
2  exhaust the evidentiary hearing possibilities of the existing ineffective assistance of counsel claim.
3       A federal court may only consider a petition for habeas corpus if the petitioner has first
4  presented his claims to the state courts, thereby "exhausting" them. 28 U.S.C. § 2254(b)(l)(A); *Rose*
5  *v. Lundy,* 455 U.S. 509, 522 (1982). Exhaustion of a habeas petitioner's federal claims requires that
6  the claims have been "fairly present[ed]" in each appropriate state court, including a state supreme
7  court with powers of discretionary review. *Baldwin v. Reese,* 541 U.S. 27, 29 (2004). In California,
8  this generally entails direct or collateral presentation to both the state courts of appeal and the state
9  supreme court, though presentation to the state supreme court alone may suffice. *Rieger v.*
10 *Christensen,* 789 F.2d 1425, 1427 (9th Cir. 1986); *Johnson v. Zenon,* 88 F.3d 828, 829 (9th Cir.
11 1996). In addition, a petitioner must "alert[] [the state] court to the federal nature of the claim."
12 *Baldwin,* 541 U.S. at 29.
13      In general, a court may not consider a "mixed" habeas petition that contains or seeks to
14 present both exhausted and unexhausted claims. *Rose,* 455 U.S. at 522. If a petitioner presents a
15 mixed petition, the petitioner may seek to stay the exhausted claims while he pursues the
16 unexhausted claims in state court. *Rhines,* 544 U.S. at 278. Under *Rhines,* a district court has
17 discretion to stay a mixed petition to allow a petitioner to return to state court to present the
18 unexhausted claims. *Id.* at 276. This stay and abeyance is available only in limited circumstances,
19 and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are
20 potentially meritorious; and (3) the petitioner did not intentionally engage in dilatory litigation
21 tactics. *Id.* at 277–78.
22      Here, Petitioner moves for an order staying the petition and holding it in abeyance under
23 *Rhines* so that he may exhaust the evidentiary hearing possibilities of the existing ineffective
24 assistance of counsel claim. A stay and abeyance under *Rhines* is available only in limited
25 circumstances, and Petitioner has not shown that the required three factors are present. Specifically,
26 Petitioner has not shown that there is "good cause" for his failure to exhaust, that the unexhausted
27 claims are potentially meritorious, or that he did not intentionally engage in dilatory litigation
28 tactics. Rather than address these three factors, Petitioner argues only that because the ineffective

2

assistance claim was exhausted on direct appeal, the claim "relates back" because it is in fact the same claim. *See King v. Ryan*, 564 F.3d 1133, 1141 (9th Cir. 2009) (a petitioner may amend an exhausted claim in a pending federal corpus petition, even after the expiration of the limitations period, if the new claim "relates back" to previously exhausted claims). *King*, however, is inapplicable here. Petitioner does not seek to amend his pending claim with a new claim that "relates back" to the pending claim. Rather, Petitioner seeks to exhaust the possibility of an evidentiary hearing in state court for a claim that is already asserted in his petition.

Accordingly, Petitioner's Administrative Motion to Request Stay and Abeyance to Permit Petitioner to Exhaust Unexhausted Claims is denied.

**IT IS SO ORDERED.**

Dated: August 24, 2015

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE