E-Filed 5/17/16

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN PEREZ,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>SCOTT FRAUENHEIM, Warden,<br><br>　　　　Respondent,<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Real Party in Interest. | No. 5:14-CV-3551 HRL<br><br>**ORDER TO SHOW CAUSE** |

Petitioner Christian Perez ("Petitioner"), a state prisoner incarcerated at Pleasant Valley State Prison, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction.

**Background**

Following a jury trial, Petitioner was found guilty of murder, assault on a child causing death, torture, and two counts of child abuse. Dkt. No. 1 at 5. Petitioner was sentenced to 25 years to life in state prison on March 29, 2011. *Id.*

Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California, which on May 15, 2013 denied review of a petition allegedly raising the same claims raised here. *Id.*

Petitioner filed his federal habeas petition on August 6, 2014.

**Discussion**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in

1  custody pursuant to the judgment of a State court only on the ground that he is in custody in
2  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It
3  shall "award the writ or issue an order directing the respondent to show cause why the writ should
4  not be granted, unless it appears from the application that the applicant or person detained is not
5  entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations
6  in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See*
7  *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Petitioner raises two claims for relief: (1) prejudicial joinder of two incidents for trial violated his "Fourteenth Amendment right to due process and a fair trial"; and (2) defense counsel failed to object to the joinder and did not move for severance "in violation of [P]etitioner's Sixth Amendment right to effective assistance of counsel[.]" Dkt. No. 1 at 13-14. Liberally construed, the claims appear colorable under 28 U.S.C. § 2254 and merit an answer from Respondent.

**Conclusion**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto, as well as a magistrate-judge jurisdiction consent form, on Respondent Scott Frauenheim ("Respondent") and Respondent's attorney, the Attorney General of the State of California.

2. Respondent shall file with the court and serve on Petitioner, within 90 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing § 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the administrative record, if any, that are relevant to a determination of the issues presented by the petition. At that time, Respondent shall also return the magistrate-judge jurisdiction consent form.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Governing § 2254 Cases. If

1  Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an
2  opposition or statement of non-opposition within 28 days of receipt of the motion, and Respondent
3  shall file with the Court and serve on Petitioner a reply within 14 days of receipt of any
4  opposition.

5  **IT IS SO ORDERED.**

6  Dated:   5/17/16

   _____
   HOWARD R. LLOYD
   United States Magistrate Judge